OPINION
Earl Moore was found guilty after a bench trial of failing to yield the right-of-way. The trial court imposed a $20 fine and costs. Moore advances two assignments of error which we consider together.
 1. THE COURT ERRED IN REFUSING TO GIVE WEIGHT TO THE DEFENSE EXPERT'S OPINION.
 2. THE COURT ERRED IN GIVING MORE WEIGHT TO THE PROSECUTION WITNESSES AND REJECTING DEFENSE WITNESS. [SIC]
This case arises out of a motor vehicle collision at the intersection of Social Row and Sheehan Roads. A Bronco operated eastbound by Brad Edwards collided with a westbound Windstar operated by Janet Davis. At the time of the collision, Davis was in the left turn lane of westbound Social Row Road, preparing to turn left onto Sheehan Road to travel south on Sheehan.
Prior to the collision, Earl Moore and his wife were northbound in their Town Car on Sheehan Road, just south of the intersection of Sheehan and eastbound Social Road. A stop sign 38 feet south of the intersection controls northbound traffic on Sheehan Road. There are no stop signs for traffic on Social Row Road.
Edwards testified that as he approached the intersection, Moore's Town Car was "somewhere around ten, twelve feet. Half a car length" onto Social Row Road. Edwards testified that he took evasive action to avoid the Town Car and in so doing collided with the Windstar. Davis corroborated Edwards' version, stating that the Town Car was "(h)alfway into the eastbound lane."
Moore and his wife denied that their Town Car had entered upon Social Row Road, although they stated they had moved forward from the stop sign up to the intersection. Moore presented Douglas Heard as an expert witness. Heard opined that Edwards, believing that Moore was about to enter the intersection, took evasive action and collided with Davis' Windstar.
Moore criticizes the trial court's characterization of Heard's testimony as speculative. However, it was just that as Heard was opining as to what Edwards was thinking as he approached the intersection. Heard conceded his investigation had not included talking to Edwards. (Nor did Heard's investigation include talking to Davis.)
Moore also points out that Heard's expert testimony was unrebutted. While this is true, there is no rule that expert testimony must be rebutted to be disbelieved. This is especially true where, as here, Heard based his opinion upon Moore's account that he had not entered the intersection, without consulting with Edwards or Davis.
Moore observes there was no physical evidence that he had entered the intersection, but that is unremarkable in that Moore's car was not damaged.
Moore observes that the testimony of Edwards and Davis was rebutted by that of himself and his wife, but it is fundamental that issues of credibility are the province of the trial court.
Moore next suggests that Edwards controlled Davis' testimony, but there is no record support for this suggestion.
We also find no merit in the observations that the investigating sheriff deputy's investigation might have been more thorough, that Moore was not served at the scene with a citation, or that it was made known to the trial court that Heard was compensated for his services.
The parties declined the trial court's invitation to argue the case. It strikes us that many of the arguments advanced on appeal would have been better directed to the trial court. In any event, we find nothing in the proceedings below which merits reversal.
The assignments of error are overruled.
BROGAN, J. and GLASSER*, J., concur.
* Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio.